**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

RUBEN JAMES DE LA O,

      Plaintiff,

vs.                                                                    No. CIV 23-0317 JB/KK

JUSTIN GARWOOD and GREGORY
GAUDETTE,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court following Plaintiff Ruben James De La O's failure to prosecute his Prisoner Complaint for Violation of Civil Rights, filed April 12, 2023 (Doc. 1)("Prisoner Complaint"). The Honorable Kirtan Khalsa, United States Magistrate Judge for the United States District Court for the District of New Mexico, recently granted De La O's Application to Proceed in District Court Without Prepaying Fees or Costs, filed April 12, 2023 (Doc. 2)("IFP Application"), and directed him to submit an initial partial payment of the filing fee. See Order Granting *In Forma Pauperis* Application, filed July 18, 2023 (Doc. 4)("IFP Order"). Because De La O did not comply or respond to the IFP Order, and having reviewed applicable law and the record, the Court will dismiss the Prisoner Complaint without prejudice.

**PROCEDURAL BACKGROUND**

De La O commenced this case on April 12, 2023, by filing the Prisoner Complaint. See Prisoner Complaint at 1. Together with the Prisoner Complaint, De La O filed the IFP Application. See IFP Application at 1. The Court referred the matter to Magistrate Judge Khalsa for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases, filed April 14, 2023 (Doc. 3). By an Order entered July 18,

2023, Magistrate Judge Khalsa granted the IFP Application, which reduced the filing fee from $402.00 to $350.00 and allowed De La O to pay in installments.  See IFP Order at 1.  Pursuant to 28 U.S.C. § 1915(b), the IFP Order directs De La O to submit an initial partial payment of $23.87, which is twenty percent of his monthly deposits, his inmate account statements reflect, within thirty days.  See IFP Order 1.

De La O did not submit an initial partial payment as Magistrate Judge Khalsa directed, nor did De La O otherwise respond to the IFP Order. The Court will therefore consider whether to dismiss this matter for lack of prosecution and failure to comply with rules and orders.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)).  As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ." Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders."  Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."  Davis v.

Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).   If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."   Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016).   Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."   Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162.   Those criteria include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."   Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162 (quoting Olsen v. Mapes, 333 F.3d at 1204).

Here, De La O has not submitted an initial partial payment or timely shown cause why the Court should excuse him from making a payment.   In light of this failure, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute.   See Olsen v. Mapes, 333 F.3d 1199 at 1204.   After considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, the Court concludes the dismissal will be without prejudice.

IT IS ORDERED that: (i) the Plaintiff's Prisoner Complaint for Violation of Civil Rights, filed April 12, 2023 (Doc. 1), is dismissed without prejudice pursuant to rule 41(b); and (ii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

- 3 -

*Parties:*

Ruben James De La O
Silver City, New Mexico

     *Plaintiff*